## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

TYEASHIA M. BLACKBURN,          )
                               )
    **Plaintiff,**          )
                               )
**v.**                         )          **Case No. CIV-22-983-G**
                               )
**OKLAHOMA CITY VA**           )
**HEALTH CENTER,**             )
                               )
    **Defendant.**          )

## <u>ORDER</u>

On March 7, 2023, Plaintiff Tyeashia M. Blackburn filed a pro se Amended Complaint (Doc. No. 12), bringing claims under the Federal Tort Claims Act ("FTCA") against Defendant Oklahoma City VA Health Center.

### I.    *Plaintiff's Motion for Entry of Default*

Now before the Court is Plaintiff's Motion for Entry of Default (Doc. No. 21), to which Defendant has responded (Doc. No. 25). As Defendant has now appeared through counsel in this action, it has not been shown that Defendant "has failed to plead or otherwise defend," and so the entry of a default would not be appropriate. Fed. R. Civ. P. 55(a); *see New Atlas Dot Com, Inc. v. Pizza Inn I-40 W., Inc.*, No. CIV-11-149-D, 2012 WL 12863152, at *2 (W.D. Okla. Nov. 9, 2012). This motion shall be denied.

### II.    *Defendant's Motion to Dismiss*

In its Motion to Dismiss (Doc. No. 23) and Reply (Doc. No. 26), Defendant argues that the Court lacks subject-matter jurisdiction over Plaintiff's claims and seeks dismissal on this basis.

A. *Relevant Standards*

As the party asserting federal jurisdiction, Plaintiff bears "the burden of alleging the facts essential to show jurisdiction." *U.S. ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797-98 (10th Cir. 2002) (internal quotation marks omitted).  The FTCA provides "a limited waiver making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976); *see* 28 U.S.C. § 1346(b).  "[W]hen a defendant asserts that the FTCA complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged." *Garling v. U.S. Envtl. Prot. Agency*, 849 F.3d 1289, 1293 n.3 (10th Cir. 2017) (alteration and internal quotation marks omitted).  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Sovereign immunity generally shields the United States, its agencies, and officers acting in their official capacities from suit." *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002).  "The concept of sovereign immunity means that the United States cannot be sued without its consent." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks*, 960 F.2d 911, 913 (10th Cir.1992).  Such consent is found "only when Congress unequivocally expresses its intention to waive the government's sovereign immunity in the statutory text." *United States v. Murdock Mach. & Eng'g Co. of Utah*, 81 F.3d 922, 930

(10th Cir. 1996) (alteration and internal quotation marks omitted); *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature.").

Because subject-matter jurisdiction here depends on whether Defendant's sovereign immunity has been waived, a motion contending there has been no such waiver (and seeking dismissal on that basis) is properly asserted under Rule 12(b)(1).  *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995); *see also E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1302-03 (10th Cir. 2001).  A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction takes one of two forms: a facial attack or a factual attack.  *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015).  Defendant makes a facial attack on the sufficiency of the allegations contained in the Amended Complaint.  *See* Def.'s Mot. at 2-4.  In reviewing a facial attack, a district court confines its analysis to the pleadings and must accept the allegations in the complaint as true.  *See id.*

### B.  Discussion

The FTCA "waive[s] the sovereign immunity of the United States for certain torts committed by federal employees."  *Meyer*, 510 U.S. at 475 (citing 28 U.S.C. § 1346(b)).  This limited waiver extends only to tort claims "against the United States," however, and not to claims against "federal agenc[ies]" or other entities.  28 U.S.C. § 2679(a), (b); *see Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) ("The United States is the only proper defendant in an FTCA action.  Thus, the district court correctly dismissed Smith's FTCA claims against every defendant except the United States on the ground that those defendants were not proper parties." (citation and internal quotation marks omitted));

*Meyer*, 510 U.S. at 476 ("[I]f a suit is 'cognizable' under § 1346(b) of the FTCA, the FTCA remedy is 'exclusive' and the federal agency cannot be sued 'in its own name,' despite the existence of a sue-and-be-sued clause.").[1]

Citing the above propositions, Defendant asserts that the United States' limited waiver of sovereign immunity in the FTCA does not extend to claims against defendants other than the United States, such as Defendant Oklahoma City VA Health Center. *See* Def.'s Mot. to Dismiss at 3-4. Even liberally construed, Plaintiff's Response does not dispute Defendant's contention or otherwise attempt to establish that Defendant is a proper party on the instant FTCA claims. Instead, Plaintiff focuses upon service issues and the merits of her legal claims. *See* Pl.'s Resp. (Doc. No. 24) at 1-4.

The Court accordingly concludes that Plaintiff has failed to adequately establish subject-matter jurisdiction in this matter and that dismissal is warranted pursuant to Federal Rule of Civil Procedure 12(b)(1). *See U.S. ex rel. Stone*, 282 F.3d at 797-98; *Smith*, 561 F.3d at 1099.

### III. *Plaintiff's Request to Amend*

In her Response, Plaintiff alternatively seeks leave to amend her pleading a second time. *See* Pl.'s Resp. at 4-8; *see also* Fed. R. Civ. P. 15(a)(2). Defendant replies that Plaintiff's inclusion of this request in a response brief contravenes this Court's local rules and should be denied on that basis. *See* Def.'s Reply at 2-3 (citing LCvR 7.1(c)).

---

[1] The Oklahoma City VA Medical Center is operated by the Veterans Health Administration, a division of the U.S. Department of Veterans Affairs. *See* Oklahoma City VA Medical Center (May 8, 2024), https://www.va.gov/oklahoma-city-health-care/locations/oklahoma-city-va-medical-center/.

Defendant does not, however, argue that Plaintiff's proposed amendment—which includes the addition of the United States as a defendant—would be futile or is otherwise meritless. *See id.*

Having considered Plaintiff's pro se status and the other circumstances of this case, the Court denies leave but finds that Plaintiff should be permitted to reurge the request in accordance with applicable rules.

CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Entry of Default (Doc. No. 21) is DENIED.  Defendant's Motion to Dismiss (Doc. No. 23) is GRANTED.  The Amended Complaint (Doc. No. 12) is DISMISSED WITHOUT PREJUDICE due to a lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that Plaintiff may file a motion seeking leave of the Court to file a second amended complaint, in conformance with Federal Rule of Civil Procedure 15(a)(2) and Local Civil Rule 15.1, within fourteen (14) days of the date of this Order.  If Plaintiff fails to move to amend within the time prescribed, judgment will be entered in this matter.

IT IS SO ORDERED this 8th day of August, 2024.

CHARLES B. GOODWIN
United States District Judge