# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYEASHIA M. BLACKBURN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-22-983-G |
| UNITED STATES, | ) ) ) |
| Defendant. | ) ) |

## **ORDER**

Now before the Court are Plaintiff Tyeashia M. Blackburn's Motion for Protective Order (Doc. No. 65) and a Motion to Compel (Doc. No. 101) filed by Defendant United States. Both Motions are fully briefed and at issue. *See* Doc. Nos. 78, 80, 103, 109.

## I. Background

Plaintiff, appearing pro se, alleges that she received negligent medical treatment at the Oklahoma City VA Medical Center on or about November 15, 2020. *See* Second Am. Compl. (Doc. No. 31). Plaintiff herein seeks relief against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346 et al. *See id.* at 1.

The Court's Amended Scheduling Order (Doc. No. 36) prescribed that the parties' deadline to complete discovery in this matter was September 2, 2025. *See id.* at 2. On or about June 2, 2025, Defendant served written discovery upon Plaintiff: 11 interrogatories; 19 requests for production; and 25 requests for admission. *See* Def.'s Mot. to Compel at 1; *id.* Ex. 1, Def.'s Disc. Reqs. (Doc. No. 101-1). Plaintiff has not provided responses to Defendant as to any of the discovery requests. *See* Def.'s Mot. to Compel at 1-2.

II.   Relevant Standards

   A.  Applicable Discovery Rules

Rule 26(b)(1) of the Federal Rules of Civil Procedure prescribes:

> Unless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Generally, control of discovery is entrusted to the sound discretion of the trial courts." *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1164 (10th Cir. 2010) (internal quotation marks omitted).

Rules 33, 34, and 36 authorize specific discovery methods: written interrogatories, requests for production of documents ("RFPs"), and requests for admissions ("RFAs").

- Rule 33 permits a party to serve written interrogatories upon any other party "relat[ing] to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." *Id.* R. 33(b)(3).

- Rule 34 prescribes that a party may serve on any other party a request to produce, subject to the scope of Rule 26(b), "any designated documents" "in the responding party's possession, custody, or control." *Id.* R. 34(a)(1). The responding party must then either produce the documents or "state with specificity the grounds for objecting to the request, including the reasons." *Id.* R. 34(b)(2)(B).

- Rule 36 provides that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either." *Id.* R. 36(a)(1). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." *Id.* R. 36(a)(3).

### B. Requests for Discovery Relief

Pursuant to Federal Rule of Civil Procedure 26(c)(1), a party or person "from whom discovery is sought may move for a protective order in the court where the action is pending." *Id.* R. 26(c)(1). The Court "may, for good cause," issue an order to protect the movant "from annoyance, embarrassment, oppression, or undue burden or expense." *Id.*

Under Rule 37(a), "a party may move for an order compelling . . . discovery." *Id.* R. 37(a)(1). As relevant here, a party seeking discovery may request that the Court compel "an answer, . . . production, or inspection" if another party fails to answer an interrogatory submitted under Rule 33 or fails to produce documents or respond that inspection will be permitted as requested under Rule 34. *Id.* R. 37(a)(3)(B)(iii), (iv).

### III. Discussion

#### A. The Parties' Meet-and-Confer Requirement

Discovery under the Federal Rules of Civil Procedure is designed to proceed at the direction of the parties and without day-to-day involvement of the Court. When a party seeks relief from the Court on a motion or objection relating to discovery, that party is

3

obligated to first "confer[] in good faith" with the opposing party in "a sincere attempt to resolve differences." LCvR 37.1 (W.D. Okla.); *see also* Fed. R. Civ. P. 37(a)(1).

Defendant represents that Plaintiff did not confer or attempt to confer with Defendant prior to filing her Motion for Protective Order. *See* Def.'s Resp. (Doc. No. 78) at 2 n.2. Plaintiff does not deny Defendant's contention but argues that Defendant's counsel has behaved improperly in other contexts. *See* Pl.'s Reply (Doc. No. 80) at 1.

Plaintiff's contentions as to unrelated alleged conduct of Defendant's counsel do not excuse Plaintiff's failure to meet and confer as required by the Federal and Local Rules. Nor may Plaintiff avoid this requirement by filing a "Notice" stating that Plaintiff will no longer "participate in informal correspondence and will communicate solely through proper court filings and formal service channels." Pl.'s Notice (Doc. No. 95) at 2; *cf. Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("Although [the Court] liberally construe[s] *pro se* filings, we do not assume the role of advocate. *Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure." (citation and internal quotation marks omitted)).

Plaintiff's Motion for Protective Order is therefore subject to denial based upon Plaintiff's failure to confer with Defendant's counsel in "a sincere attempt to resolve differences." LCvR 37.1. In light of Plaintiff's pro se status, however, the Court will excuse Plaintiff's lack of compliance and consider Plaintiff's Motion on its merits.

### B. Defendant's Discovery Requests

Plaintiff asks that she be entirely excused from responding to Defendant's discovery requests because the requests were untimely served and "abusive" in nature. Pl.'s Mot.

4

Protective Order at 1-6.  Defendant disputes Plaintiff's contentions and requests that Plaintiff be compelled to answer the interrogatories and RFPs.  *See* Def.'s Mot. to Compel at 1-6.

First, the Court rejects Plaintiff's proposition that the timing of Defendant's discovery requests rendered them harassing or "retaliatory."  Defendant served the requests well before the discovery cutoff established by the Court's Amended Scheduling Order.  Plaintiff's speculative accusations do not establish any untoward motive or violation of the Federal or Local Rules on the part of Defendant or Defendant's counsel.

Second, Plaintiff fails to show that entry of a protective order is needed due to any unduly burdensome or oppressive discovery requests.  Plaintiff broadly complains that Defendant's inquiries regarding her alleged injuries, "causation, and credibility" are improper and "retaliatory" because "the Government [has not] offer[ed] any medical denial or defense of its own" and has not "provide[d] an expert-supported defense."  Pl.'s Reply at 3; Pl.'s Mot. Protective Order at 6.  Plaintiff also requests that the Court terminate or limit Defendant's ability to engage in discovery because Defendant allegedly has "admi[tted] . . . fault."  Pl.'s Mot. Protective Order at 6.

Plaintiff here misunderstands the nature of party discovery.  By commencing this civil lawsuit, Plaintiff has put her factual allegations at issue and has assented to being served with relevant and proportional discovery regarding those allegations and related matters.  *See* Fed. R. Civ. P. 26(b)(1); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (explaining that "discovery is not limited to issues raised by the pleadings" or "to the merits of a case").  Such discovery is contemplated regardless of

5

Plaintiff's belief in the merits of her legal claims. And Defendant is entitled to have Plaintiff respond to such discovery, with no need for any additional showing or offer of proof made to Plaintiff. *See id.* R. 26(b)(1), 33(a), 34(a), 36(a).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Protective Order (Doc. No. 65) is DENIED.

Defendant's Motion to Compel (Doc. No. 101) is GRANTED. Plaintiff shall serve the requested discovery responses upon Defendant within twenty-one (21) days of the date of this Order.

No expenses shall be awarded.

IT IS SO ORDERED this 20th day of November, 2025.

_____
CHARLES B. GOODWIN
United States District Judge