**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TYEASHIA M. BLACKBURN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-22-983-G |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Now before the Court are Plaintiff Tyeashia M. Blackburn's Motion for Independent Review and Reassignment of Government Counsel (Doc. No. 66), Motion to Disqualify (Doc. No. 71), Motion Based on Government Misconduct (Doc. No. 81), and Motion to Remove (Doc. No. 107). Defendant United States responded to the Motion to Disqualify (Doc. No. 83) and Plaintiff filed a Reply (Doc. No. 88).[1]

Plaintiff, appearing pro se, alleges that she received negligent medical treatment at the Oklahoma City VA Medical Center on or about November 15, 2020. *See* Second Am. Compl. (Doc. No. 31). Plaintiff asserts claims for relief against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346 et al. *See* Second Am. Compl. at 1.

Plaintiff's Motions request that "the Court and/or Department of Justice" immediately "remove," disqualify, or sanction Defendant's counsel in this matter, "assign the case to alternative counsel," and refer the matter to the Office of the United States

---

[1] As addressed by separate order, Defendant also moved to strike Plaintiff's Motion to Remove. *See* Def.'s Mot. to Strike (Doc. No. 110).

Attorney General for independent review.  Pl.'s Mot. Indep. Rev. at 4; *see* Pl.'s Mot. to Disqualify at 1, 4; Pl.'s Mot. Based on Gov't Misconduct at 1, 4-7.  Plaintiff alleges that Defendant's counsel has engaged in "harassing discovery," made "[p]ublic statements minimizing Plaintiff's injury," refused to escalate Plaintiff's settlement demand "in accordance with DOJ procedures," and engaged in "intentional delay tactics."  Pl.'s Mot. Indep. Rev. at 2-3.  Plaintiff cites various U.S. Department of Justice ("DOJ") policy provisions, Federal Rules of Civil Procedure 1 and 26(c), and several federal statutes relevant to disabilities, veterans, and crime victims as support for her request.  *See id.*

Having considered Plaintiff's conclusory contentions, the Court declines to remove Defendant's counsel from this matter.  Plaintiff's Motions reflect that Plaintiff already is seeking relief for counsel's alleged misconduct from various entities within the DOJ and the U.S. Attorney's Office.  *See id.* at 1-2; Pl.'s Mot. to Disqualify at 2.

Further, Plaintiff's cited Rules and statutes do not prescribe the relief sought herein as a remedy—even assuming an underlying violation of them in some manner by Defendant's counsel.  *See, e.g.*, Fed. R. Civ. P. 26(c)(1) (authorizing the court to issue a protective order in the context of a discovery dispute).

Most importantly, while the Court "has the inherent power to impose sanctions that are necessary to control and supervise its own proceedings, promote judicial efficiency, deter frivolous filings, and respond to abusive litigation practices," neither removal of Defendant's counsel nor any lesser sanction is warranted here.  *Hutchinson v. Hahn*, No. 05-CV-453, 2007 WL 2572224, at *5 (N.D. Okla. Sept. 4, 2007); *see also Miller v. Legacy Bank*, No. CIV-20-946-D, 2022 WL 20620743, at *1 (W.D. Okla. Sept. 2, 2022) ("Motions

2

to disqualify opposing counsel are viewed with suspicion, and the Court must guard against the possibility that disqualification is sought to secure a tactical advantage in the proceedings." (internal quotation marks omitted)).[2] Plaintiff's vague, unsworn accusations and personal belief that Defendant's counsel is not defending this case in accordance with DOJ policy do not plausibly establish any misconduct. And no such misconduct is suggested by the case record, which does not reflect any improper delay, harassment, or other improper litigation practice on the part of Defendant's counsel.

CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Independent Review and Reassignment of Government Counsel (Doc. No. 66), Motion to Disqualify Government Counsel (Doc. No. 71), Motion Based on Government Misconduct (Doc. No. 81), and Motion to Remove (Doc. No. 107) are DENIED.

IT IS SO ORDERED this 7th day of April, 2026.

_____
CHARLES B. GOODWIN
United States District Judge

---

[2] Two sources of authority govern motions to disqualify. *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1383 (10th Cir. 1994). First, district courts consider "the local rules of the court in which [the attorneys] appear." *Id.* This Court has adopted the Oklahoma Rules of Professional Conduct as its governing standard of attorney conduct. *See* LCvR 83.6(b); *see also* Okla. Stat. tit. 5, ch. 1, app. 3-A. Second, motions to disqualify are "decided by applying standards developed under federal law" and are therefore governed "by the ethical rules announced by the national profession and considered in light of the public interest and the litigants' rights." *Cole*, 43 F.3d at 1383 (internal quotation marks omitted).