## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYEASHIA M. BLACKBURN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. CIV-22-983-G |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Now before the Court are Plaintiff Tyeashia M. Blackburn's Motions to Compel (Doc. Nos. 70, 73, 77). Defendant United States has filed Responses (Doc. Nos. 82, 86, 94) and Plaintiff has replied (Doc. Nos. 89, 90, 100).

In the Motions, Plaintiff requests that the Court compel Defendant to provide various items, including: "a written disclosure of the basis for [Defendant's] damages valuation and settlement offers in this matter"; an explanation for Defendant's failure to "escalate" this case internally with the United States Department of Justice ("DOJ"); and any "communications or correspondence" that Defendant conveyed to the Court but did not serve upon Plaintiff. Doc. Nos. 70, 73, 77.[1] Plaintiff also asks that the Court take judicial notice of Defendant's "bad faith conduct," including Defendant's alleged failure to comply with DOJ policy regarding settlement practices. Doc. No. 70, at 1.

---

[1] Defendant represents that no such communications exist. *See* Doc. No. 94, at 2 ("Plaintiff cannot compel what does not exist . . . . Plaintiff has received copies of all pleadings and other papers filed by [Defendant].").

To the extent Plaintiff seeks to compel documents and information from Defendant, Defendant contends that Plaintiff did not request these items through discovery, as required to compel a response. *See* Fed. R. Civ. P. 37(a)(3)(B); Doc. No. 82, at 2-3; Doc. No. 86, at 2; Doc. No. 94, at 2. Further, the Court "shall refuse to hear" such a motion unless movant "first advises the court in writing that counsel [or pro se parties] personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord." LCvR 37.1; *see also* Fed. R. Civ. P. 37(a)(1). Plaintiff's Motions include no such certification, and Defendant represents that no such meet-and-confers took place. *See, e.g.*, Doc. No. 94, at 1-2. The Court will deny this request.

The Court will likewise deny the request for the Court to take judicial notice, as Plaintiff's belief that Defendant has engaged in bad faith conduct does not qualify as "a fact that is not subject to reasonable dispute," as it is neither a fact "generally known within the trial court's territorial jurisdiction" nor a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Finally, Defendant points out multiple incorrect legal citations and "fictitious" quotations in Plaintiff's papers, arguing that these appear similar to "AI Hallucinations" and refer to non-existent cases. Doc. No. 82, at 5 n.6; Doc. No. 86, at 3-5; *id.* Exs. 1, 2, 3, 4, 5 (Doc. Nos. 86-1 to -5). The "careless use" of generative artificial intelligence ("GenAI") "can waste both judicial resources and the opposing party's time and money, and it can damage the credibility of the legal system." *Moore v. City of Del City*, No. 25-6002, 2025 WL 3471341, at *2 (10th Cir. Dec. 3, 2025). Plaintiff is hereby CAUTIONED

2

AND ADVISED that misuse of GenAI, or fabrication of case citations without the use of GenAI, is sanctionable conduct. *See id.* at \*3 & n.2; *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) ("An attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system." (internal quotation marks omitted)).

CONCLUSION

For the foregoing reasons, Plaintiff's Motions to Compel (Doc. Nos. 70, 73, 77) are DENIED.

The Court declines to award expenses at this time.

IT IS SO ORDERED this 7th day of April, 2026.

CHARLES B. GOODWIN
United States District Judge