**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TYEASHIA M. BLACKBURN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-22-983-G |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## <u>ORDER</u>

Now before the Court is Plaintiff Tyeashia M. Blackburn's Motion for Sanctions (Doc. No. 91), as well as supplements thereto (Doc. Nos. 112, 114). Defendant United States has filed a Response (Doc. No. 108), to which Plaintiff has replied (Doc. No. 111).

Liberally construed, Plaintiff's Motion asks the Court to sanction Defendant's counsel pursuant to Federal Rule of Civil Procedure 11(c)(1) based upon an alleged "pattern of retaliatory and abusive litigation conduct." Pl.'s Mot. Sanctions at 1. Plaintiff argues that Defendant's counsel has engaged in personal attacks and, in a recent filing, cited another of Plaintiff's lawsuits in an effort to "portray[] Plaintiff as dishonest and emotional." *Id.*

Rule 11(b) of the Federal Rules of Civil Procedure states that an attorney or unrepresented party who presents and signs a written paper to a court is certifying to the court "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the paper "is not being presented for any improper purpose" and "the factual contentions" in that paper "have evidentiary support

or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(1), (3). The Court may sanction an attorney who fails to comply with Rule 11(b). *See id.* R. 11(c).

Upon review of Plaintiff's Motion, the Court does not find any conduct by Defendant's counsel that violates Rule 11. In particular, the Court finds that the citation to Plaintiff's prior lawsuit, *Blackburn v. Webb*, No. CIV-23-379-R (W.D. Okla.), was made for a proper purpose—i.e., identifying the standard applicable to pro se litigants and arguing that "Plaintiff is aware that her *pro se* status does not exempt her from complying with the applicable rules." Def.'s Resp. at 3; *see* Doc. No. 86, at 3.

Moreover, Plaintiff failed to serve the Motion upon Defendant prior to filing and therefore failed comply with Rule 11's 21-day "safe harbor" requirement. *See* Fed. R. Civ. P. 11(c)(2) (prescribing that a motion for sanctions "must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper . . . is withdrawn or appropriately corrected within 21 days after service or within another time the court sets"); Def.'s Resp. at 2 ("The Motion was not provided to counsel for [Defendant] prior to receiving it via ECF notification."). This requirement provides the allegedly offending party "with notice of the [movant's] intent to seek sanctions" and an opportunity to rectify the issue without the court's involvement. *Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006). The Tenth Circuit "has held that it is an abuse of discretion to grant Rule 11 sanctions if the [movant] did not comply with the safe-harbor provision." *Mellott v. MSN Commc'ns, Inc.*, 492 F. App'x 887, 888 (10th Cir. 2012).

CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Sanctions (Doc. No. 91) is DENIED.

Defendant's Motion to Strike Plaintiff's Supplemental Briefs (Doc. No. 123) is DENIED.

IT IS SO ORDERED this 7th day of April, 2026.

_____
CHARLES B. GOODWIN
United States District Judge