**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TYEASHIA M. BLACKBURN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-22-983-G |
| | ) |
| UNITED STATES, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Now before the Court is Plaintiff's Motion in Limine (Doc. No. 135), to which Defendant United States has responded (Doc. No. 136).

Plaintiff "seeks to enforce" the requirements that apply to the testimony of Defendant's non-retained treating physicians. Pl.'s Mot. in Limine at 2. As discussed by Defendant, Plaintiff's Motion was filed prior to the filing of Defendant's Revised Expert Witness List (Doc. No. 145) and therefore does not identify the witnesses or their proposed testimony with enough specificity to establish any entitlement to relief. *See* Def.'s Resp. at 5 ("Plaintiff's motion while not legally tenable is also premature."). And "a request that the court faithfully apply the rules of evidence" "is not the office of a motion in limine." *Hussein v. Duncan Reg'l Hosp., Inc.*, No. CIV-07-439-F, 2009 WL 10672480, at *1 (W.D. Okla. Oct. 20, 2009).

The Court notes that Plaintiff cites two Tenth Circuit decisions and a purported decision from the District of Colorado as the authority supporting this request. *See* Pl.'s Mot. in Limine at 2-3. The first, *Davoll v. Webb*, is cited for the proposition that, "[u]nder

Fed. R. Civ. P. 26(a)(2)(C), a treating physician is a non-retained expert who may provide opinion testimony only to the extent those opinions were formed during the course of treatment." *Id.* at 2 (citing *Davoll*, 194 F.3d 1116, 1138 (10th Cir. 1999)). While the citation to the *Davoll* opinion is correct, the pinpointed page of the decision is discussing the proper scope of a treating physician's testimony as a lay witness, not as a retained or non-retained expert, and so does not reasonably support Plaintiff's argument. *See Davoll*, 194 F.3d at 1138-39.

Plaintiff next cites *Muscogee (Creek) Nation v. Oklahoma* as holding: "A treating physician may not testify to opinions acquired or developed in anticipation of litigation." Pl.'s Mot. at 2 (citing *Muscogee (Creek) Nation*, 611 F.3d 1222, 1237 (2010)). *Muscogee (Creek) Nation* is a published Tenth Circuit opinion; nowhere in that opinion, however, does the appellate court discuss treating physicians or their testimony.

Finally, Plaintiff states:

> Courts reject attempts by the United States to have VA doctors 'reinterpret' or contradict their own charted findings without a proper retained expert designation. See Hall v. United States, 2018 WL 1620923 (D. Colo. Apr. 3, 2018).

Pl.'s Mot. at 3. Plaintiff's Westlaw identifier directs the Court to *Poppino v. Berryhill*, a Social Security disability benefits appeal from the District of New Mexico that does not address or support the quoted proposition or appear to have any relevance to this case.

At a minimum, Plaintiff's cited authority fails to demonstrate an entitlement to relief on the merits of her Motion. In addition, such mischaracterizations of case law, whether or not the product of generative artificial intelligence, implicate consideration of Plaintiff's

representations for purposes of Federal Rule of Civil Procedure 11(b) and (c). *See Clark v. CoreCivic, Inc.*, No. CIV-25-775-SLP, 2025 WL 3709023, at *2 n.2 (W.D. Okla. Dec. 22, 2025). As recently explained by the Tenth Circuit, pro se litigants have "the responsibility to ensure that citations to legal authority are not fabrications but instead point to real cases that at least arguably stand for the propositions for which they are cited." *Dodds v. Bridges*, No. 25-7021, 2026 WL 380194, at *6 (10th Cir. Feb. 11, 2026).

CONCLUSION

For the foregoing reasons, Plaintiff's Motion in Limine (Doc. No. 135) is DENIED.

IT IS SO ORDERED this 7th day of April, 2026.

CHARLES B. GOODWIN
United States District Judge