**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **TYEASHIA M BLACKBURN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-22-983-G** |
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# SETTLEMENT CONFERENCE ORDER

The Court sets a settlement conference on **December 11, 2026 at 10:30 a.m.** All attorneys and client representatives should report to the William J. Holloway, Jr. United States Courthouse, 200 N.W. 4th Street, Oklahoma City, Oklahoma, Courtroom 401. The brief settlement conference statement and **cover sheet** are to be submitted to the undersigned and to all parties via email to **Mitchell-Orders@okwd.uscourts.gov** no later than **5:00 p.m., December 4, 2026. The cover sheet should include all parties** (including the name and title of the client who will be present throughout the conference and who will be authorized to enter into a settlement agreement, and the names and titles of any other persons who will attend the conference) **who will attend along with each party's email address if not previously provided.** In addition, the Court orders:

The settlement conference shall be attended by an authorized representative of each named party involved, together with trial counsel. It is essential that each party present, or in the case of a corporation, partnership, or government entity, a representative, has complete authority to enter into a binding settlement. A person with complete authority is someone who has full settlement authority without having to consult with anyone who is not in attendance. Attendance by the attorney for a party is not sufficient. LCvR16.2(b)(1), (4), (c).

a) When the settlement decision will be made in whole or in part by an insurer, the insurer shall send a representative in person with full and

complete authority to make settlement decisions unless the party requests an exception and the Court grants that exception for good cause shown; LCvR16.2(b)3)

b) A corporate party shall send a representative with full and complete authority to bind the company unless the Court grants an exception for good cause shown; and

c) A governmental entity shall send a representative authorized to act on its behalf. Generally, this means that agency counsel should be present. A named party who is a government employee (such as a law enforcement officer) is not excused from the settlement conference simply because they will be indemnified in whole or in part by the government agency.

*See* LCvR16.2(b)(2).

Please note that individuals who are not a party to the case will not be permitted to attend the settlement conference.

**1. Pre-Settlement Conference Exchange of Demand and Offer**

The parties may feel that they want to save room to negotiate until the judicial settlement conference. But that is not the function of the judicial settlement conference. Until the parties have exhausted negotiations on their own, neither the attorneys nor the settlement judge can meaningfully assess the impediments to settlement or determine whether a facilitative or evaluative process should be employed.

A settlement conference is more likely to be productive if, before the conference, the parties exchange written settlement proposals. Accordingly, at least three weeks before the **December 11, 2026** Settlement Conference**,** plaintiff's counsel shall submit a written settlement demand to defense counsel, including an itemization of damages claimed and the method by which they were calculated, as well as any request for non-monetary relief, with a brief explanation of why such settlement is appropriate.

No later than two weeks before the Settlement Conference (on or before Click here to enter a date.) defense counsel shall submit a written response to plaintiff's counsel stating the defense settlement position and counteroffer.

If the defendant intends to respond to the demand by offering nothing, that shall be expressly stated and the response will include an explanation of

that position. Even if the Settlement Conference is set less than three weeks out from this Order, the plaintiff must still make a settlement demand, and the defendant must still respond before the conference. This correspondence between the parties shall be included with the confidential letters submitted to the Court. In addition, at least two weeks before the Settlement Conference, counsel shall circulate updated expert reports, if such reports will assist with the negotiations and settlement decision. **Failure to comply with the requirements of this paragraph may result in the postponement of the Settlement Conference.**

**2. REQUIRED Submission of Confidential Settlement Letters**

Each party shall also submit a confidential letter no later than seven days prior to the December 11, 2026 Settlement Conference. Do not file copies of these letters on the Court docket and do not serve these letters on the opposing party. The letter shall include the case number and case name and shall be emailed to Judge Mitchell at Judge_Suzanne_Mitchell@okwd.uscourts.gov. The email subject line shall read: "Confidential Blackburn v. Oklahoma City VA Health Center, 22-cv-983-G, [Plaintiff's/Defendant's] Settlement Letter." Do not mail hard copies of the letter to Chambers.

The confidential settlement letters shall not exceed eight pages in length and shall set forth the following:

- A candid description of the strongest and weakest points in each party's case, both legal and factual (key exhibits, expert reports, or extracts of deposition transcripts may be attached);
- Itemization of damages, fees, and costs to date, and an estimated amount of fees, time, and costs to be expended through the conclusion of trial;
- Reference (by docket number) to any motions, pending or otherwise, that are significant in the case or would have a material impact on settlement, for the Court to review prior to the conference;
- A history of past settlement discussions, including as an attachment the demand/offer letters set forth above;
- The major obstacles to settlement as perceived by each party; and
- A settlement proposal the party believes to be fair.

Failure to submit a Confidential Settlement Letter will result in the rescheduling or cancellation of the Settlement Conference.

**3. Confidentiality**

The Court expects the parties to address each other with courtesy and respect. The parties and counsel are encouraged to advise the Court of their pronouns and honorifics (such as Ms., Mx., or Mr.,) and may do so in signature lines or by advising the in-court deputy clerk before a hearing begins, either via email or in person. Parties are encouraged to be frank and open in their discussions. As a result, statements made by any party during the Settlement Conference are not to be used in discovery or for any other purpose and will not be admissible at trial. LCvR16.2(f); Fed. R. Evid. 408(a). Any documents submitted for the Settlement Conference will be maintained in Chambers and will be destroyed after the Conference.

4. Relief from the requirements in LCvR16.2 or this Order: requests for relief should be directed to the settlement judge, typically in the form of a motion. For guidance, please contact Clerk's Office 405-609-5000.

**So ORDERED** this 15th day of October, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE